IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                    Plaintiff,                          CRIMINAL ACTION

    v.

                                         Case No. 11-cr-20132-03-KHV-DJW

MARTIN RAMIREZ,

                    Defendant.

## MEMORANDUM AND ORDER

On December 21, 2011, a grand jury charged Defendant Martin Ramirez, as well as ten other defendants, with theft of U.S. Department of Housing and Urban Development Section 8 Program housing rent subsidies, and making a false statement on an application for rent subsidies.[1]  This matter is before the Court on the United States' oral motion for pretrial detention of Defendant Martin Ramirez (ECF No. 15) made on February 14, 2012.  The Court held a hearing on the motion on February 21, 2012.  The Court has considered the motion and the statements of counsel during the hearing, and, for the reasons set forth below, finds that the motion should be denied and Defendant should be released subject to certain conditions to be determined at a future hearing.

I.      **Standards for Detention**

Under the Bail Reform Act of 1984, the Court must order the pretrial release of the accused, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and

---

[1] *See* Indictment (ECF No. 1), Counts 5-7, and 8.

the community."[2]  In making this determination, the Court must take into account the available

information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [sex trafficking of children], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

> (2) the weight of the evidence against the person;

> (3) the history and characteristics of the person, including--

>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. [3]

The government has the burden to prove the risk of flight by a preponderance of the

evidence.[4]  The government must prove a danger to other persons or the community by clear and

convincing evidence.[5]  The Court must resolve all doubts regarding the propriety of release in

Defendant's favor.[6]

---

[2]18 U.S.C. § 3142(e).

[3]18 U.S.C. § 3142(g).

[4]*See U.S. v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citations omitted).

[5]*See id.* (citing 18 U.S.C. § 3142(f)).

[6] *See U.S. v. Chavez-Rivas*, 536 F. Supp. 2d 962, 965 (E.D. Wis. 2008).

2

II.  **Application of the Factors**

    A.  **Nature and Circumstances of the Offense**

Defendant is charged with three counts of theft of public money under 18 U.S.C. § 641, and one count of making a false statement on a rent subsidy application under 18 U.S.C. § 1001.  If convicted of theft of public money, Defendant could face maximum penalties of imprisonment of not more than 10 years on each count.  If convicted of making a false statement, Defendant could face penalties of not more than 5 years imprisonment.

The government's estimated loss from Defendant's alleged theft of public monies is $49,577.  At the detention hearing, the government estimated that, if convicted, the sentence range would be 10 to 16 months.

The nature of the alleged offenses is theft by fraud and did not involve the use of violence, force, or weapons.  Based upon the amount of monies involved, the probable penalty to be imposed is not so great that Defendant would be expected to flee.  Although the nature of the offense may reflect a dishonest or deceitful character, as well as an ability to procedure fraudulent identity documentation, the Court does not find these to be determinative in themselves as showing Defendant to be a flight risk.  The Court considers this factor to weigh in favor of pretrial release.

    B.  **Weight of the Evidence**

The Court finds that while the record contains some evidence that Defendant knowingly and unlawfully made materially false statements and representations on an application for rent subsidy benefits, and thereby unlawfully stole rent subsidy payments to which he was not qualified to receive, the evidence is not so overwhelming that it must weigh in favor of detention.  The indictment itself constitutes probable cause to believe that the offenses charged have been committed

and that Defendant has committed them.  This factor is neutral.

###    C.    History and Characteristics of Defendant

Defendant is a 36 year old male citizen of Mexico.  He is married to co-defendant Brenda Aguirre-Rodriguez.  He has five children between the ages of 4 and 15.  His oldest child is a citizen of Mexico and the other four younger children are U.S. citizens.  The children attend school in the Kansas City area.  His wife is a homemaker and he is the sole provider for his family.

Defendant moved to Kansas 12 years ago and has resided at his current residence in Kansas City since September 2010.  He rents and shares a home with his wife and his children.  He was previously employed doing lawn care work and recently found other employment in the community to support his family.  In addition to his immediate family, Defendant's mother and three siblings reside in the Kansas City metropolitan area.  Defendant's father is deceased.  Defendant reports a close relationship with all of his family members.  There is no history of mental health treatment or substance abuse.

Immigration and Customs Enforcement ("ICE") has lodged a detainer against Defendant due his illegal status.  The government argues that Defendant is a risk of flight because he has an ICE detainer and is living illegally in the United States.  While a defendant's status as a deportable alien alone does not mandate detention, it is a factor which weighs heavily in the risk of flight analysis.[7] As this Court has previously noted in the companion cases of *U.S. v. Lozano-Miranda*,[8] and *U.S. v. Garcia-Gallardo*,[9] the existence of the ICE detainer is not in and of itself sufficient grounds to find

_____

[7] *See Chavez-Rivas*, 536 F. Supp. 2d at 964 n. 3 (citations omitted).

[8] No. 09-cr-20005-KHV, 2009 WL 113407, at *3 n.13 (D. Kan. Jan. 15, 2009).

[9] No. 09-cr-20005-KHV, 2009 WL 113412, at *2 n.13 (D. Kan. Jan. 15, 2009).

that a defendant poses a flight risk. Under 8 C.F.R. § 215.2, "No alien shall depart, or attempt to depart, from the United States if his departure would be prejudicial to the interests of the United States . . .."[10] The departure of an "alien who is needed in the United States as . . . a party to[] any criminal case . . . pending in a court in the United States" is deemed prejudicial to the interests of the United States.[11] The departure of such a criminal defendant alien may be temporarily prevented under 8 C.F.R. § 215.3, which provides that the criminal defendant alien "may be permitted to depart from the United States *with the consent of the appropriate prosecuting authority*, unless such alien is otherwise prohibited from departing under the provisions of this part."[12]

The government also argues that Defendant should be detained because he had shown that he can obtain fraudulent documents to establish a different identity. The Court finds that the government has not carried its burden in this regard. While there is some risk of flight with Defendant, based on the ICE detainer and his status as an illegal alien, his strong family ties to Kansas City, Kansas, his employment history, his length of time living in the community, the nature of the charges, and his lack of any prior criminal record suggest that conditions of release could be set to reasonably assure Defendant's presence at trial. The fact that Defendant could obtain fraudulent documents to establish a new identity, which are reportedly widely available in the community, does not outweigh his very strong family ties to the community. This factor weighs in favor of pretrial release.

---

[10]8 C.F.R. § 215.2(a).

[11]8 C.F.R. § 215.3.

[12]*Id.* (emphasis added).

5

### D.    Danger to the Community

Defendant has no criminal history.  The United States has not otherwise shown that Defendant poses any risk of danger to the community or other persons.  Thus, the Court finds that this factor weighs in favor of pretrial release.

## III.    Conclusion

Having considered all relevant pleadings and the statements of counsel during the February 21, 2012 hearing, the Court finds that Defendant should be released.  As set out above, under the Bail Reform Act, the Court must order the pretrial release of Defendant, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . .."[13] Based on the relevant pleadings and the statements of counsel during the hearing, the Court concludes that the government has not met its burden to show that no set of conditions of release will assure Defendant's pretrial presence and protect the community and other persons from danger.

**IT IS THEREFORE ORDERED** that the United States' oral motion for pretrial detention of Defendant Martin Ramirez (ECF No. 15) is denied.  Defendant shall be released subsequent to a hearing to determine the conditions of Defendant's release.

**IT IS FURTHER ORDERED** that a hearing to set the conditions of Defendant's pretrial release is set for **February 29, 2012 at 9:00 a.m.**

**IT IS FURTHER ORDERED** that Pretrial Services shall provide proposed conditions of release no later than **February 27, 2012.**

**IT IS SO ORDERED.**

---

[13]18 U.S.C. § 3142(e).

Dated in Kansas City, Kansas on this 23rd day of February 2012.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge